THE PEOPLE ex rel. MORRIS A. YOUNG, Respondent, *v.* CHARLES STRAIGHT, Clerk of the Village of Wellsburg, Appellant.

By the charter of the village of Wellsburg (Chap. 291, Laws of 1870, as amended by chap. 68, Laws of 1887, and chap. 172, Laws of 1888), every person elected or appointed to office is required to take and file with the clerk of the village an oath of office. By an ordinance of the board of trustees authority was conferred upon said clerk to administer such oath. A majority of the inspectors of election signed a statement as to the results of an annual election for village officers, which was filed with the clerk; this showed that there were one hundred and thirty-six ballots cast for president, of which sixty-six were cast for the relator, "Morris A. Young," one for "Morris Young," one for "M. A. Young," one was defective, and one blank. Defendant, the village clerk, when applied to for that purpose, refused to administer the oath of office to the relator, claiming that he was not legally elected. *Held*, that a mandamus was properly granted, requiring defendant to perform this duty; that he was not called upon to decide as to the legality of the applicant's election; but, in his ministerial capacity, was obliged to administer the oath,.

if *prima facie* it appeared, as it did in this case, that the individual desiring to be sworn had the greatest number of votes, at least if he was not known to be ineligible; also, that a certificate from the inspectors as to the relator's election was not requisite.

As to whether the clerk might refuse to administer and file such oath, if the applicant was known to be ineligible, *quære.*

(Submitted October 19, 1891; decided October 27, 1891.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made July 7, 1891, which affirmed an order directing a peremptory writ of mandamus to issue to defendant, Charles Straight, clerk of the village of Wellsburg, N. Y., commanding him forthwith and immediately to administer to and file the oath of office of the relator as president of said village.

The facts, so far as material, are stated in the opinion.

*Frederick Collin* for appellant. The relator was not entitled to a writ of peremptory mandamus. (High's Ext. Leg. Rem. §§ 9, 10, 32; *People ex rel.* v. *Bd. Suprs.,* 64 N. Y. 600; *People ex rel.* v. *Wendall,* 71 id. 171; *People ex rel.* v. *Hoyt,* 66 id. 606; *People ex rel.* v. *McLean,* 11 N. Y. Supp. 851; *Johnson* v. *Lucas,* 30 Tenn. 305; *Lucas* v. *Mayham,* 79 Mass. 83; *People ex rel.* v. *Schiellim,* 95 N. Y. 124; *People* v. *Bd. Suprs.,* 12 Barb. 217; *People* v. *Myers,* 50 Hun, 479; *People* v. *R., W. & O. R. R. Co.,* 103 N. Y. 95; *People ex rel.* v. *Becker,* 3 N. Y. S. R. 202.) Inasmuch as the peremptory writ was granted the court will take as true all the statements of fact of the opposing affidavits. (*People* v. *R., W. & O. R. R. Co.,* 103 N. Y. 95; *People ex rel.* v. *Fairman,* 91 id. 385; *People ex rel.* v. *Cromwell,* 102 id. 477; Code Civ. Pro. § 2070; *Milliken* v. *W. U. T. Co.,* 110 N. Y. 403.) The defendant is not obliged to administer the oath, even if the relator were legally elected. (*People* v. *N. Y., L. E. & W. R. R. Co.,* 104 N. Y. 58.) There was not and has not been at any time, before defendant, any evidence that the relator was elected. (Laws of 1870, chap. 291, §§ 16, 19, 20; *People ex rel.* v. *Bd. Canvassers,* 126 N. Y. 392; *People ex*

*rel.* v. *Seaman,* 5 .Den. 409; *People* v. *Cook,* 8 N. Y. 67; *People ex rel.* v. *Ferguson,* 8 Cow. 102; *Kortz* v. *Bd. Canvassers,* 12 Abb. [N. C.] 84; *Clark* v. *Bd. Examiners,* 126 Mass. 282; *People ex rel.* v. *Dikeman,* 7 How. Pr. 124; *Johnson* v. *Lucas,* 30 Tenn. 305.) The title to an office cannot be tested by either the peremptory or alternative writ of mandamus. (*People ex rel.* v. *Parker,* 117 N. Y. 86, 286; *In re Gardner,* 68 id. 467; *Leeds* v. *Atlantic City,* 52 N. J. L. 332; *People ex rel.* v. *Ferris,* 76 N. Y. 326; *People ex rel.* v. *Suprs.,* 58 How. Pr. 141; *People ex rel.* v. *N. Y. I. Asylum,* 7 N. Y. S. R. 277.) It is only where there is a declaration or certificate of the inspectors of election showing that the claimant, upon the face of the facts, is entitled to the office, or, in other words, where nothing stands between him and his right to take the official seat, that the writ of mandamus will compel the administering of the oath. (*Ex parte Heath,* 3 Hill, 42; *Ashley's Case,* 4 Abb. Pr. 35.)

*W. E. Knapp* for respondent. The appellant did not raise a question of fact. (Laws of 1870, § 5; Laws of 1874, chap. 628; *People ex rel.* v. *McKinney,* 52 N. Y. 347; *Kessel* v. *Zeiser,* 102 id. 114; *People* v. *Collins,* 7 Johns. 549, 551, 552, 553, 554; *People ex rel.* v. *Assessors, etc.,* 52 How. Pr. 140; *In re Williamsburg,* 1 Barb. 34; *People ex rel.* v. *Jennings,* 6 Cow. 579; *Ackley's Case,* 4 Abb. Pr. 35; *People ex rel.* v. *Wilson,* 119 N. Y. 517; *People ex rel.* v. *Board, etc.,* 103 id. 541–543; *West* v. *A. E. Bank,* 44 Barb. 179; *Wood* v. *Whiting,* 21 id. 190–198; *Marsden* v. *Sweet,* 66 N. Y. 206–210; *Powers* v. *R., W. & O. R. R. Co.,* 3 Hun, 285; *Averill* v. *Day,* 26 id. 319; Bailey's Code Pleadings, 234.) The relator was entitled to have the oath of office administered to him for the reason that the return presumptively showed his election to the office, and the clerk, being a ministerial officer, had no right to decide otherwise. (*People ex rel.* v. *Dean,* 3 Wend. 438; *People ex rel.* v. *Collins,* 7 Johns. 594–553; *Ex Parte Heath,* 3 Hill, 43; *Wilcox* v. *Smith,* 5 Wend. 233; *Ackley's Case,* 4 Abb. Pr. 36; *People* v. *Hawkins,* 46

N. Y. 10 ; *People* v. *Bd. Suprs.*, 12 Barb. 217 ; *Nichols* v. *McLean*, 101 N. Y. 327.) The appellant having failed to object to the Special Term adjudication upon all the questions raised, whether of law or of fact, on the affidavits, is deemed to have consented to it so adjudicated. (*People ex rel.* v. *City of New York*, 39 Barb. 522–538 ; *People* v. *Throop*, 12 Wend. 187.) A vote cast for " Morris Young " must be counted for " Morris A. Young," because the law knows only one Christian name. (*People* v. *Cook*, 14 Barb. 261–307 ; *Recks* v. *Talmadge*, 5 Johns. 84 ; *Newton* v. *Porter*, 69 N. Y. 1 ; *Franklin* v. *Talmadge*, 5 Johns. 84 ; *People* v. *Cook*, 8 N. Y. 67 ; *People* v. *Ferguson*, 8 Cow. 102 ; *People* v. *Seaman*, 5 Den. 409 ; *People* v. *Pease*, 27 N. Y. 85 ; *People* v. *Smith*, 45 id. 79.)

*Per Curiam.* The appellant has refused to administer the oath of office to the respondent and raises the question of the right to compel him to administer it. The theory of his case, apparently, is that in some way his administration of the oath of office would amount to a decision as to the respondent's title to the office, and, as he denied that there was any legal election of the relator, he could not be compelled to take and file his oath. But that is not so. By the provisions of the act, under which this village was incorporated, every person elected or appointed to office is required to take and file with the clerk of the village an oath of office. By an ordinance of the board of trustees of the village, authority was conferred upon the clerk to administer such oath of office. If applied to for that purpose, he was not called upon to decide as to the legality of the applicant's election or appointment ; but, in his ministerial capacity, he was obliged to administer the oath of office, if *prima facie* it appeared that the individual desiring to be sworn had the greatest number of votes at the charter election. Perhaps, too, the clerk might refuse if the person was known to be ineligible. At this election, there were one hundred and thirty-six ballots cast, of which sixty-six were for the opposing candidate, O'Brien ; sixty-six were for " Morris A. Young ; " one was for " Morris Young," and one was for " M. A. Young ; "

one was defective, and one was blank. If the sixty-eight ballots bearing the name of Young were legal ballots for the relator Morris A. Young, then he had received a majority of the votes for the office. Whether the votes given for "Morris Young" and for "M. A. Young" should be counted for the relator was not a question for the clerk to pass upon, when Young applied to him to administer the oath of office. It was sufficient that the returns presumptively showed the relator's election. Thereupon he was entitled to have the proper oath of office administered to him, in order that he might be in a condition to assert his legal rights.

Upon the question of the propriety of granting the writ of peremptory mandamus, it is sufficient to say that, as by the paper in the clerk's possession, signed by a majority of the inspectors of election, a return was made showing that a majority of the ballots were for the candidate named Young, it presumptively showed his election and it was the duty of the clerk to administer the oath which the statute requires every officer to take and file. It is not material that the inspectors did not make a certificate as to Young's election to the office. They did sign a paper showing the whole number of votes given for each person voted for, and that, as between the candidates O'Brien and Young, a majority were for Young. That paper the clerk had possession of. There was no denial of material facts alleged or established by the relator as to the results of the election appearing from the paper filed with the clerk, or concerning his identity, and hence the issuance of the writ of mandamus to compel the clerk to do his duty was perfectly proper.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.