THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. HOWES, Appellant, v. THOMAS F. GRADY, one of the Police Justices of the City and County of New York, Respondent.

*Criminal Procedure — right of a prosecutor to appear by counsel upon a preliminary examination before a magistrate.*

Section 203 of the Code of Criminal Procedure, relative to a preliminary hearing before a magistrate, provides that "the magistrate may also exclude from the examination every person, except the clerk of the magistrate, the prosecutor and his counsel, the attorney-general, the district attorney of the county, the defendant and his counsel, and the officer having the defendant in custody."

William H. Howes, as agent for the Society for the Prevention of Crime, having made a complaint before a police justice of the city and county of New York, in which he charged a saloon keeper with a violation of the excise law, a preliminary hearing took place from which the police justice excluded the counsel of the society upon the ground that they did not represent the district attorney, and had no authority from him.

Howes applied for a writ of *mandamus* requiring the police justice to permit the appearance of his counsel, but the motion was denied.

On appeal from the order denying the motion:

*Held,* that the ruling of the police justice was erroneous, the counsel of Howes being comprehended in the phrase, "the prosecutor and his counsel."

That the words did not mean "the district attorney or his representative," as the district attorney was expressly mentioned in a subsequent part of the section.

That there did not appear to be any law requiring the district attorney to attend a preliminary hearing, while his exclusive right to appear in a criminal proceeding and conduct it was confined to proceedings which took place subsequent to a preliminary hearing.

Appeal by the relator, William H. Howes, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of July, 1892, denying a motion for a writ of *mandamus* requiring Thomas F. Grady, a police justice of the city and county of New York, to permit private counsel to appear for said Howes, an agent for the Society for the Prevention of Crime of the City and County of New York, in the prosecution of his complaint, in his individual capacity and apart from any connection with said society, before said justice, against one Warren Lewis for an alleged violation of the excise

laws, and to permit and allow said private counsel to exercise the functions of the prosecuting attorney of the county of New York in said proceeding.

*F. Moss* and *S. B. Brague*, for the appellant.

*David Welch*, for the respondent.

O'Brien, J. :

The relator was an agent for the Society for the Prevention of Crime, and as such agent he made a complaint before the police justice, in which he charged a certain saloon keeper with a violation of the excise law, and upon the defendant's request a preliminary hearing was had on which he was represented by counsel. The counsel of the society appeared for the complainant, but were forbidden by the justice to take any part in the proceedings upon the ground that, as they neither represented nor had authority from the district attorney, they could not act as counsel for the complainant.

It is true that the order recites that the relator, an agent of the society, was engaged in the prosecution of his complaint in his individual capacity and apart from any connection with the society. But this we do not regard as material; and if it were, we think it is clearly made to appear that, while the relator was the complainant, his action in making the complaint was as agent for the society, and that it was in the discharge of his duty as such agent that he was prosecuting the complaint. The question, however, presented is, whether private counsel can appear for a complainant upon a preliminary hearing before a police magistrate.

Section 203 of the Code of Criminal Procedure reads as follows : " The magistrate may also exclude from the examination every person, except the clerk of the magistrate, the prosecutor and his counsel, the attorney-general, the district attorney of the county, the defendant and his counsel, and the officer having the defendant in custody."

It is insisted, in support of the view taken by the learned judge below, that the words " the prosecutor and his counsel " mean the district attorney or the representative of the district attorney ; and to enforce this view we are referred to the provisions of the Code of Criminal Procedure which provide that the actions must be prosecuted in the name of the people of the State, and to the

Revised Statutes which relate to the duties and powers of the district attorney. We think, however, that it would be doing violence to the language and to the manifest intention of the legislature to hold that by the words "prosecutor and his counsel," as used in section 203, was meant the district attorney, because in that same section provision is made for the appearance of the district attorney, but if this view is to prevail, why would it be necessary to have twice authorized the district attorney to appear, by mentioning him by his title and again as counsel for the prosecution in this same section?

The error into which we think the respondent has fallen, in referring to the provisions of the Code in respect to the prosecution of criminal actions and the duties of the district attorney, is, in not observing the distinction between the preliminary hearing before the magistrate and the proceedings in a criminal action subsequent thereto. It must be remembered that, upon this preliminary hearing, the magistrate determines simply whether there is probable cause for holding the defendants for trial. The substantial work of prosecution does not begin until after the prisoner has been held for trial at the close of the examination, when the indictment is found, or the case comes up at the Special Sessions, on the prisoner's election. Having this distinction in view, it will be seen that, outside of section 203 already referred to, the duty of the district attorney, as defined in the Revised Statutes (1 R. S., 383, § 89; Birdseye's R. S., 877, § 1), is " to attend the courts of Oyer and Terminer and jail delivery and General Sessions, * * * and to conduct all prosecutions for crimes and offenses cognizable in such courts." It is true that, by another section of the Revised Statutes (2 R. S., [8th ed.], p. 1068; Laws of 1872, chap. 587, § 2; Birdseye's R. S., 878, § 8), it is made lawful for assistants of the district attorney to attend all the criminal courts which may be held, and to assist in conducting all prosecutions for crimes and offenses cognizable therein. This section, however, so far as it may relate to the right of the district attorney or his assistants to appear upon preliminary hearings before magistrates, is entirely in consonance with section 203 of the Code, which gives such right to the district attorney. But no law, so far as we have been able to find, confers upon the district attorney the exclusive right to attend on the preliminary hearings before police magis-

trates, such exclusive right seemingly being confined to the proceedings in criminal actions subsequent to the preliminary hearings. Such criminal actions, upon and after indictment, must be prosecuted in the name of the People of the State by the district attorney, but the original warrant may be issued without this official's signature as district attorney.

We find no law which imposes on the district attorney any duty to attend on preliminary hearings before the magistrate. That he has a right to attend and conduct such preliminary hearings seems reasonably clear, but this is entirely consistent with the right given to complainants, where the district attorney does not appear, to be represented by counsel. On such hearings the defendant usually seeks the advice, and has the aid of astute counsel, and we fail to see why, in the absence of the district attorney, the same privilege should not be accorded to the complainant, unless it is prohibited by law.

Having reached the conclusion, however, that section 203 of the Code, by fair implication from its terms, not only does not forbid, but grants the right to the complainant to be represented by counsel, we think that the police justice was in error in refusing to permit counsel to appear, and that, upon such facts being shown, the relator was entitled to a *mandamus* directing the police justice to accord to him a right conferred by law.

We are of opinion that the order appealed from should be reversed, but in view of the fact that the relator is the agent of a society, and the defendant a police judge who took the position in good faith, in denying the right of the relator to counsel, it should be without costs.

Van Brunt, P. J., and Barrett, J., concurred.

Order reversed, without costs.