(28 Misc. Rep. 451.)

## In re GETMAN.

(Supreme Court, Special Term, Onondaga County.   July, 1899.)

1. INTOXICATING LIQUORS—LOCAL OPTION—VALID SUBMISSION TO ELECTORS OF TOWN.

The liquor tax law, which provides that at the annual town meetings occurring next after March 23, 1896, four questions shall be submitted, as follows:   (1) Selling liquor to be drunk on the premises where sold (under the provisions of section 11, subd. 1);   (2) selling liquor not to be drunk on the premises where sold;   (3) selling liquor as a pharmacist on a physician's prescription;   (4) selling liquor by hotel keepers,—and which also provides that these questions may be voted on again in two years, on petition of 10 per centum of the electors, contemplates a submission of all the questions, and the action of a town meeting on a petition requesting a submission of only two of the questions is void.

2. SAME—RESUBMISSION.

Liquor Tax Law, § 16, as amended by Laws 1899, c. 398, providing that if, for any reason, the four propositions shall not have been properly submitted, they shall be resubmitted at a special town meeting duly called, does not apply where the action of a town meeting was void, and in such case the proper remedy of a person to whom the county treasurer has refused to issue a certificate because of such void proceedings adverse to issuing certificates is by certiorari against such treasurer.

Application by Edson Getman for an order under section 16, Liquor Tax Law, as amended by chapter 398, Laws 1899, authorizing and directing a special town meeting in and of the town of Theresa, Jefferson county, for the purpose of having resubmitted thereto the four questions or propositions in regard to the issuing of liquor-tax certificates,. covered by the local option provisions of the section above referred to.   Application denied.

A. L. Chapman, for the motion.

J. B. Cooper, opposed.

HISCOCK, J.    The petitioner is a member of a firm which owns a hotel in Theresa.    At the annual town meeting held in that town in 1897, the voters, acting under the local option provisions already referred to, decided in favor of issuing liquor tax certificates to hotel keepers and pharmacists, and petitioner's firm took out and received one of the former class.    He now desires to obtain another one, and the county treasurer refuses to issue it to him upon the ground that at the annual town meeting in February last the voters decided against issuing such (or any) certificates.    Section 16 of the statute in question provided that at the annual town meetings occurring next after March 23, 1896, four questions should be submitted, as follows (in the wording of the statute):  "(1) Selling liquor to be drunk on the premises where sold (under the provisions of subdivision 1, § 11); (2) Selling liquor not to be drunk on the premises where sold.  (3) Selling liquor as a pharmacist on a physician's prescription.  (4) Selling liquor by hotel keepers."    These four questions were submitted, and, so far as appears, properly, to the voters of the town of Theresa, who decided in favor of issuing certificates to hotel keepers and pharmacists, and against traffic of the kinds otherwise covered by the first two questions.    The statute provided that these questions might be voted upon again in two years, which is what the electors purported to do in February, 1899.    But two conditions were essential to a valid submission:    First, it must have been requested by the electors of the town to the number of 10 per centum of the votes cast at the next preceding general election by written petition duly signed, acknowledged, etc.; second, a submission of all four questions was necessary,—one or two could not be submitted without the rest.    While the statute does not provide as last stated, in so many words, I think it is the clear and necessary interpretation of it.    All of its provisions are worded and constructed upon that theory.    The necessity of such submission of all questions is exemplified in the present case.    Voting upon question No. 1 by itself, the electors might make a decision broad enough to prevent issuing of certificates to hotel keepers, and therefore provision is made for submission of question No. 4, which would afford opportunity for qualifying action upon the first question against granting licenses to the extent of allowing them to hotel keepers.    And in the same way provision is expressly made for the net result which may be worked out by apparently contradictory voting upon questions Nos. 2 and 3. The entire scheme of the statute contemplates and requires a submission of all the questions.    Certainly, there can be no doubt that the petition of electors prescribed by the statute was an absolutely essential prerequisite to action upon these questions by the town meeting of 1899.    The town had once passed upon them in such a manner as to allow petitioner to take out a certificate for his hotel.    Before another vote could be taken, which, perhaps, might deprive him of his right, it must have been requested in the manner provided.    Without the necessary petition, the town officers had no right to submit the questions to the town meeting, and the latter had absolutely no power or jurisdiction to pass upon them, and, perhaps, deprive persons of rights then secured to them by the statute.    There was, in

my judgment, no such necessary petition, and the action of the town meeting in purporting to deprive petitioner of the right to take out a certificate—for the county treasurer bases his refusal to grant one solely upon that ground—was without jurisdiction, and void. The petition which was presented requested: "That the following questions be submitted to the electors of said town of Theresa at the next regular annual town meeting: * * * 'Shall any corporation, association, co-partnership, or person be authorized to traffic in liquors under subdivision one of section eleven of the liquor tax law? Shall any corporation, association, co-partnership, or person be authorized to traffic in liquors under subdivision two, section eleven, of the liquor tax law?'" It will thus be observed that it did not request or provide for the submission of all of the four questions provided by the statute. What is especially important, so far as this petitioner is concerned, it did not request the submission of the fourth question provided by the statute, which gave the voters the opportunity to authorize the granting of certificates to hotels, even though they should vote in the negative upon question No. 1, which, by itself, was broad enough to cover hotel keepers. Notwithstanding this defective condition, the town officers prepared ballots for the submission of all four questions to the town meeting, which, as above stated, voted upon them all against issuing certificates. There was not the slightest authority for the submission of or vote upon question No. 4, because it was entirely omitted from the petition. Neither, in my judgment, was there any authority for the submission of the questions enumerated in the petition, unless accompanied by a submission of the others prescribed by the statute. Except for the provisions of the statute, there was no power in the town meeting to pass upon these questions, and a substantial compliance with those provisions was necessary to give it jurisdiction. There was not, in my opinion, such compliance.

In addition to the matters already reviewed, it is urged that no sufficient notice of the town meeting was given, and this is probably true. It is provided by the statute (section 16, Liquor Tax Law) that "if, for any reason, the four propositions provided to be submitted * * * shall not have been properly submitted, * * * such propositions shall be submitted at a special town meeting duly called," etc. It is such special meeting that the petitioner desires, and he accompanies his request with the petition of a large proportion of the electors of the town. It is urged by the representative of the town, in opposition to granting the application, substantially in accordance with the foregoing views, that a proper petition was a jurisdictional necessity to legal action by the town meeting of February, 1899; that there was no proper petition, and no jurisdiction; that the vote and action of the electors against issuing certificates such as petitioner desired was absolutely void and utterly ineffective to reverse or annul the action of the prior town meeting in favor of granting such certificates; that the provision for resubmission was not intended to cure such a jurisdictional defect as this, but that petitioner's course is to treat the action of the last town meeting as void, and apply for certiorari against the county treasurer upon his refusal

to issue a certificate under section 28. I think this view is correct. Of course, if there had been some mere irregularity in the proceedings in reference to the submission, plaintiff's course would have been the proper one, for various reasons. It would have been fairly within the scope of the statute which he cites providing for resubmission, and there would have been difficulty in raising collaterally, upon the application against the treasurer, questions of mere irregularity. The view urged by the town, however, and adopted by this court, that the action of the town was without jurisdiction, and therefore void, obviates any difficulties which might otherwise arise in the certiorari proceedings, and leaves them as the proper remedy to be pursued. This application is therefore denied, but without costs, and without prejudice to the right of petitioner to take such other proceedings for securing a certificate as he may be advised.

Application denied, without costs, and without prejudice to right of petitioner to take other proceedings.