(41 Misc. Rep. 289.)

PEOPLE ex rel. FLEMING v. MAYER, Justice of Court of Special Sessions.

(Supreme Court, Special Term, New York County. August, 1903.)

1. PROHIBITION—WHEN WRIT ISSUES.

  Where a witness was subpœnaed in a proceeding entitled as a prosecution against a third party purporting to have been instituted on an information laid with the magistrate, and an examination has been concluded, and he is not required to attend further, he cannot, by an alternative writ of prohibition, restrain the proceedings on the ground that the information charges no crime, he not being interested in such question.

Application by the people, on the relation of John Fleming, for alternative writ of prohibition directed to Julius M. Mayer, justice of the Court of Special Sessions. Motion denied.

L. Laflin Kellogg, for relator.
William Travers Jerome, Dist. Atty., for respondent.

BISCHOFF, J. The relator, subpœnaed as a witness in a proceeding entitled as a prosecution against Charles F. Murphy and others, and purporting to have been instituted on an information laid with the magistrate, makes this application for an alternative writ of prohibition, the main ground of the motion being, as alleged, that the information laid before the magistrate did not charge the defendants with any specified crime. Upon such a motion as this the inquiry is not whether the proceedings assailed are obviously invalid, beyond the possibility of question. No final prohibition is asked, but permission is sought merely to call for an answer to the relator's assertion that the proceedings attacked are invalid, to the end that the matter may

be determined upon a judicial inquiry. The effect of an alternative writ is to enable the relator to present his case, and, if a question of gravity is raised by the petition, this is enough to call for the issuance of the writ, upon the return to which the legal sufficiency of the papers may be tested (Code Civ. Proc. § 2097) or the facts resolved (Id. § 2099). In the petition before me it is alleged that the magistrate was without jurisdiction to issue the subpœna, because the information, which was the basis of the proceeding, designated no crime. Clearly, the validity of the proceeding for the purposes of the compulsory attendance of witnesses depended upon an information being laid, as defined in the Code of Criminal Procedure, § 145, in the form of "the allegation  *  *  *  that a person has been guilty of some designated crime." It is the information which gives the magistrate jurisdiction to proceed (Id. §§ 148, 608), and the actual designation of a crime is essential to the information for the purposes of jurisdiction. People ex rel. Sandman v. Tuthill, 79 App. Div. 24, 79 N. Y. Supp. 905. The necessity that the crime charged, and as to which witnesses are to be examined before any warrant is issued, be specified in the information, is quite obvious when the far-reaching possibilities of dispensing with the requirement are considered. A mere form of words, charging nothing and subjecting no person to responsibility for the utterance, could be made the basis of a general inquiry, by or before a magistrate, into any and every question arising between members of the community which might be deemed to have a bearing upon some half-suspected crime, and all persons would be bound to attend, if directed, and to testify to any matter which the person conducting the inquiry might deem of moment. The policy of our law is to confine the general power of inquiry to the grand jury, a body periodically chosen from the whole body of citizens of the community itself, whose exercise of that power, with due regard to the rights of citizens, is safeguarded by the number of its members. If the provisions of law regulating the substance of the information upon which the magistrate may proceed are not to be strictly followed, or if a different construction of those provisions would be constitutional, the grand jury, as an institution, would have little reason for existence.

In support of the averment that the information in question designated no crime, the relator's papers show that he was not examined upon the subject of the commission of any crime by the defendants named. Resort to the information itself (in this case in writing) having been denied him, the relator is in no position to give further proof as to its contents, and I do not think that he must be required to make stronger substantiation of his case for the purposes of this motion. The respondents have presented only the conclusion of the district attorney that this information does specify a crime; but the paper is not produced, and I am referred to no provision of the statute which stands in the way of its production. Section 205 of the Code of Criminal Procedure confines its inhibition to the disclosure of the contents of depositions only. The paper itself would remove all dispute as to the jurisdiction of the magistrate, and upon the allegations of the petition, taken with the respondents' failure to submit the controlling evidence, which is peculiarly within their control, there

would be enough ground for a direction that the alternative writ issue, in order that the merits of the dispute may be regularly determined. If there is doubt whether the allegation of lack of jurisdiction should, in the first instance, be supported by actual proof negativing the jurisdiction, this presents a very substantial question of law, which should be determined upon return to the writ. Code Civ. Proc. § 2097.

Certain minor objections to the jurisdiction of the magistrate are set forth in the petition, relating to the presence of the district attorney during the examination of witnesses, the conduct of the examination, and the refusal to allow witnesses to be represented by counsel. Those matters affect more nearly a question which the statute leaves open—as to the procedure to be adopted upon the examination— and do not, I think, relate to the main question of jurisdiction. Sections 202 and 203 of the Code of Criminal Procedure relate to proceedings after arrest of the defendant, and do not apply to the earlier examination. The statute does not require the magistrate to conduct the examination personally, nor is he called upon, as matter of law, to admit all persons including counsel, to the room in which the examination is held. If otherwise, however, a refusal to afford the parties equal rights would be met more properly by mandamus than by prohibition. See People ex rel. Howes v. Grady, 66 Hun, 465, 21 N. Y. Supp. 381; Id. 144 N. Y. 685, 39 N. E. 858.

I have discussed the questions presented at some length, in view of their probable importance as bearing upon the rights of witnesses whose attendance is sought to be enforced in preliminary proceedings before a magistrate, but I shall deny this motion because the relator's situation is such that he has no interest in the continuance or cessation of the proceeding to which his application is directed. It is only a person whose rights are to be affected who may be heard to assert that a pending proceeding should be restrained by writ of prohibition. Here it appears without contradiction that the relator's examination has been concluded, and that he is under no requirement to attend further. To grant the writ at his instance would serve no purpose, so far as his rights are concerned, and, as to him, the determination of the questions sought to be raised would be purely academic. The motion is therefore denied, without costs.

Motion denied, without costs.