(50 Misc. Rep. 250.)

### In re TINKCOM.

(Supreme Court, Special Term, Chautauqua County. March, 1906.)

INTOXICATING LIQUORS—LOCAL OPTION—REFUSAL TO ISSUE TAX CERTIFICATE.
     On certiorari to review the action of a county treasurer on an application for liquor tax certificate, the certified copy of the statement of the local option election filed under Liquor Tax Law, Laws 1896, p. 57, c. 112, § 16, with the county clerk is controlling on the right to issue such certificate and he will not be ordered to annex to his return a certified copy of the vote cast, that the court may determine whether the vote was void for noncompliance with the statutory requirements.

Application of Charles A. Tinkcom for a writ of certiorari to review refusal of Emmons J. Swift to issue liquor tax certificate. Writ vacated.

Van Dusen & Martin, for applicant.
Daniel A. Reed, for county treasurer.

LAMBERT, J. These proceedings were instituted to review an adverse determination of the county treasurer in refusing to grant a liquor tax certificate to, and upon the application of, the relator. The writ was allowed, and a return made thereto. This is an application in the proceeding to compel a further and amended return.

It is insisted by the relator that the respondent should be compelled to annex to and make a part of his return to writ a certified copy of the report of the votes cast in the town of Chautauqua at the November election, 1905. In my opinion the motion should not prevail. Section 16 of the liquor tax law (Laws 1896, p. 57, c. 112) provides, in substance, that the town clerk or other officer shall file a certified copy of a statement of the result of the vote with the state excise commissioner and the county treasurer, "and no liquor tax certificate shall be thereafter issued by such officer," etc. Section 19 (Laws 1896, p. 62, c. 112, as amended by Laws 1897, p. 222, c. 312, § 12), provides:

"Unless it shall appear by a certified copy of the statement of the result of the election held on the question of local option pursuant to section 16 of this act in and for the town where the applicant proposes to traffic in liquor under the certificate applied for, that such liquor tax certificate cannot be lawfully granted, in which case the application shall be refused."

It appears from the return, and is not contradicted by the allegations of the petition, that a certified copy of the statement of the result of the vote was filed in the office of the relator, in compliance with section 16, and that therein he was officially advised that the vote as cast was

adverse to the permitted sale of liquor in the town. The statute in specific terms makes the statement filed with the relator the basis of his official action. It necessarily follows that he must not look behind the instructions contained in the result as so filed with him. To do so would subject him to the penalties provided by section 38 (page 79) of the liquor law. It is alleged that the proceeding of resubmission of the vote of the town was and is void because of noncompliance with statutory requirement. That may be so. The question, however, is not here for determination. The certiorari proceeding has only brought here for review and correction the decision made by the respondent in refusing to issue the certificate, together with the documents upon which the decision was based. People v. Mayer, 41 Misc. Rep. 289, 84 N. Y. Supp. 71; People v. Adair, 44 Misc. Rep. 444, 89 N. Y. Supp. 376; People v. Foster, 27 Misc. Rep. 576, 58 N. Y. Supp. 574; People v. Hamilton, 42 App. Div. 212, 59 N. Y. Supp. 943. The certified copy of the statement of the result of the vote in the absence of fraud is the guide of the county treasurer. People v. Hamilton, 42 App. Div. 212, 59 N. Y. Supp. 943.

The office of a writ of certiorari under this statute is to review the official action of the county treasurer. Where it is made to appear that his decision is without warrant in law upon the basis of fact fixed by the statute, then ample remedy is given by the statute. Section 28 (page 69) of the act is a complete answer to this motion. It is there provided that "if the writ be granted the officer to whom it is directed shall in his return thereto, include copies of all the papers, on which his action was based, and a statement of his reasons for refusing to grant such application." People v. Straight, 128 N. Y. 545, 28 N. E. 762; Mayor v. Noe, 20 Abb. N. C. 19. In Matter of Getman, 28 Misc. Rep. 451, 59 N. Y. Supp. 788, the question here involved was not under consideration. In that case an application was made to have a vote of the town resubmitted on the ground that a prior submission was ineffectual and void for failure to observe statutory direction. The opinion states that the town authorities conceded that the subsequent election was void. Hence the judge writing observed that, inasmuch as all agreed that the last election was void, the petitioner might so regard it, and apply for certiorari against the county treasurer upon his refusal to issue a certificate. If it was here conceded that the election had in November last was void, then there might be some plausibility in the suggestion made in the case mentioned. I have reached the conclusion that there is no power in the court or a judge thereof to compel the respondent to amend his return in the manner or substance sought by the relator.

I feel constrained to withhold costs, inasmuch as it was substantially admitted that there were jurisdictional defects in the election sought to be avoided, but that the remedy sought was unavailing. The motion for an amended return is denied and the writ vacated, without costs to either party.

Motion denied and writ vacated, without costs to either party.