(51 Misc. Rep. 362.)

KENNEDY v. WARNER, Town Clerk, et al.

(Supreme Court, Special Term, Broome County. February 2, 1905.)

1. INTOXICATING LIQUORS—LOCAL OPTION—SUBMISSION OF QUESTION TO VOTE— APPLICATION.

Liquor Tax Law, Laws 1896, p. 57, c. 112, § 16, provides in relation to local option, that after an election in favor of issuing liquor tax certificates, the statutory questions shall be submitted at the annual election held every second year thereafter, provided the electors of the town to a certain number, by written petition "signed and acknowledged" before a notary, request such submission. *Held*, that both signing and acknowledgment of the petition is a condition precedent to a valid submission.

2. SAME—ACKNOWLEDGMENT OF APPLICATION.

Liquor Tax Law, Laws 1896, p. 57, c. 112, § 16, provides in relation to local option, that after an election in favor of issuing liquor tax certificates at the election every second year thereafter the statutory questions shall be submitted, provided such submission is requested by the electors to a certain number by a petition signed and acknowledged. Statutory Construction Law, Laws 1892, p. 1488, c. 677, § 15, provides that "ac-

knowledged," with reference to a writing other than a deed, includes an acknowledgment before an officer authorized to take acknowledgment or proof of execution of a deed of real property, and that it shall be certified in the same manner as such acknowledgment. Real Property Law, Laws 1896, p. 611, c. 547, § 255, imposes the duty on an officer taking the acknowledgment or proof of a conveyance to indorse upon or attach thereto a certificate, stating all the matters required to be done, known, or proved on the taking of such acknowledgment of proof. Code Civ. Proc. § 937, provides that any instrument except a note or will, may be acknowledged and certified in a manner pursuant to law for taking and certifying the acknowledgment or proof of a conveyance of real estate. *Held*, that such statutory provisions are to be read into section 16, and the petition was insufficient, where the only acknowledgment was a mere statement after some of the signatures: "Subscribed and sworn to before me this ——— day of ———. T., Notary Public.

3. SAME—CONTENTS OF APPLICATION.

Town Law, Laws 1890, p. 1217, c. 569, § 34, provides that no proposition shall be voted on by ballot at any town meeting unless a written application stating the questions shall be filed with the town clerk. Liquor Tax Law, Laws 1896, p. 57, c. 112, § 16, in relation to local option, provides that after an election in favor of issuing liquor tax certificates, at the election every second year thereafter, on petition of the electors to a certain number, four questions enumerated in the statute shall be submitted. *Held*, that a petition which did not request the submission of all the questions provided for by section 16 did not authorize the submission of such questions.

4. CERTIORARI—SCOPE OF REMEDY—LOCAL OPTION ELECTION.

The validity of a local option election cannot be inquired into by certiorari.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 1.]

5. MANDAMUS—SCOPE OF REMEDY—LOCAL OPTION ELECTION.

Mandamus is not the remedy where a local option election is held on an insufficient petition therefor.

6. INJUNCTION—SCOPE OF REMEDY—ACTS UNDER INVALID LOCAL OPTION ELECTION.

The owner of a building leased it on condition that if, during the term of the lease, a local option election should result in a negative vote, so that the tenant could not carry on liquor traffic in the building, the tenant might terminate the lease, and thereafter, during the term, an election resulted in a negative vote, the petition for the election having been insufficient. *Held*, that though the owner of the building did not bring the action in behalf of himself and all others interested, an injunction would lie at his suit to restrain the town clerk and the state commissioner of excise from proceeding under the election to the prejudice of the individual rights of plaintiff.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 155.]

Action by Joseph D. Kennedy against David C. Warner, individually, and as town clerk of the town of Union, Broome county, and others, to restrain proceedings under a local option election. Judgment in favor of plaintiff.

Morgan & Morgan, for Joseph D. Kennedy.

E. C. Moody, for David C. Warner.

Arthur H. Smith, for state commissioner of excise.

E. R. Carver, for treasurer of Broome county.

SEWELL, J. The plaintiff is the owner of a building in the town of Union, built and used for the purposes of a saloon and restaurant.

On the 1st day of June, 1903, he leased it for a term of five years, conditioned, that if it should be voted during said term that the traffic in liquors should not be carried on or if the county treasurer should refuse to issue a liquor tax certificate so that the tenant could not legally carry on the traffic at that place, the tenant might terminate the lease. At the regular town meeting held in the town of Union in November, 1902, the four questions specified in section 16 of the Liquor Tax Law, Laws 1896, p. 57, c. 112, were submitted to the electors of the town and a majority voted in favor of issuing certificates for selling liquor to be drunk on the premises where sold. Two certificates were afterward issued to plaintiff's tenant, the first for a term ending April 30, 1904, and the other for a term that will end April 30, 1905.

More than 20 days before the biennial town meeting held, at the time of the general election in the town of Union, on the 8th day of November, 1904, a petition was filed with the town clerk signed by 107 persons which were 2 more than 10 per centum of the electors at the next preceding general election. This petition was acknowledged by only 98 of the persons who signed it. Attached to and filed with it was another petition which, it is claimed, was signed by 103 electors residing in the village of Lestershire of the town of Union. This petition is not a copy of the other. It does not contain a request for the submission of the second question provided by the statute, and the other questions are therein referred to as provisions of section 11, of the Liquor Tax Law, Laws 1896, p. 51, c. 112. There is nothing indorsed upon or attached to this petition which can be called an acknowledgment. There is no certificate stating that the signers of the petition or any of them personally appeared before a notary or other officer; that he knew them to be the persons described in and who executed the instrument or that they acknowledged that they executed the same. Immediately under the name of one of the signers which is separated from the 56 names preceding it, by a considerable space, are the words: "Subscribed and sworn to before me this 7th day of October, 1904. Wallace Thomson, Notary Public." And these words are repeated after other signatures to the petition.

It appears that the town clerk relied upon these petitions and caused to be printed and posted notices of the fact that the four local option questions would be voted on at the next town meeting and that they were submitted and voted upon and resulted in the negative, with respect to authorizing the sale of liquor to be drunk on the premises where sold. It is claimed by the plaintiff that there was no power in the town meeting to pass upon any of these questions and that the vote was ineffective and void for the reason that the petitions were not signed and acknowledged by the requisite number of voters. The town having at the biennial town meeting in 1902, decided in favor of issuing liquor tax certificates, another vote could not be taken, which might deprive any person of the rights secured by the statute unless it was requested in the manner provided by the statute. By section 16 of the liquor tax law the questions

are to be submitted, "provided the electors of the town to the number of ten per centum of the votes cast at the next preceding general election shall request such submission by written petition, signed and acknowledged by said electors before a notary public or other officer authorized to take acknowledgment or administer oaths."

It is to be observed that this section makes the filing of a petition, signed and acknowledged by the requisite number of electors, a condition precedent to a valid submission. It makes the acknowledgment of the petition as essential as the signing. It requires both. Without a petition signed and acknowledged the town officers have no right to submit the questions to the town meeting, and the electors have no power to pass upon them. Matter of Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471; Matter of Krieger, 59 App. Div. 348, 69 N. Y. Supp. 851. The statute does not in express terms require that the petition shall be acknowledged and certified in the manner prescribed by law for taking and certifying the acknowledgment or proof of a conveyance of real property. That was not necessary for section 15 of the statutory construction law (Laws 1892, p. 1488, c. 677), provides that the term acknowledge or acknowledgment, when used with reference to the execution of an instrument in writing other than a deed of real property, includes an acknowledgment before an officer authorized to take the acknowledgment or proof of the execution of a deed of real property to entitle it to be recorded in a county clerk's office, and that it shall be certified in the same manner as such acknowledgment or proof of said deed, and section 255 of the real property law (Laws 1896, p. 611, c. 547), imposes the duty upon an officer taking the acknowledgment or proof of a conveyance to indorse upon or attach thereto, a certificate, signed by himself, stating all the matters required to be done, known, or proved on the taking of such acknowledgment or proof.

Obviously the requirement as to the acknowledgment of the petition was enacted with reference to these provisions as well as section 937 of the Code of Civil Procedure which provides that any instruments except a promissory note, a bill of exchange, or last will, may be acknowledged or proven and certified in a manner pursuant to law for taking and certifying the acknowledgment or proof of a conveyance of real property and that the certificate thus taken is to be used in evidence in the same manner and with the same effect as if the instruments were conveyance of real property. There does not appear to be any good reason for discriminating between a petition under the liquor tax law and other written instruments in regard to acknowledgment for the purpose of evidence, and there can be no doubt that the Legislature intended that these provisions should be read into section 16 that there might be some proof of the genuineness of the signatures to the petition and of the other facts relating to its execution to insure the authenticity, so that it could be safely acted upon. It is manifest, therefore, that in the absence of a certificate the town clerk is not authorized to give notice of the submission of the questions and the electors cannot vote upon them.

Independent of the foregoing, it is difficult to see how this peti-

tion can be held to be valid or proper, as it does not request the submission of all the questions provided by the statute. The town law provides that "No proposition or other matter than the election of officers shall be voted upon by ballot at any town meeting" unless "a written application plainly stating the questions" shall be filed with the town clerk "at least twenty days before the town meeting." Laws 1890, p. 1217, c. 569, § 34.

In the Matter of Getman, 28 Misc. Rep. 451, 59 N. Y. Supp. 1013, the petitioner did not request the submission of the four questions provided by the statute and notwithstanding this defective condition the town officers prepared ballots for the submission of all four questions to the town meeting which voted upon them all against issuing certificates. Judge Hiscock, discussing the effect of such a petition, says:

"There was not the slightest authority for the submission of or vote upon question No. 4, because it was entirely omitted from the petition. Neither, in my judgment, was there any authority for the submission of the questions enumerated in the petition, unless accompanied by a submission of the others prescribed by the statute. Except for the provisions of the statute, there was no power in the town meeting to pass upon these questions, and a substantial compliance with the provisions was necessary to give it jurisdiction. There was not in my opinion such compliance."

The result of these considerations is that there was no valid petition; that the questions were not properly submitted to the town meeting and that the vote and action of the electors were absolutely void. If I am correct in this conclusion it would seem that the plaintiff is entitled to relief in some form. The remedy, however, is not a resubmission at a special town meeting, neither is it mandamus, as that issues to compel the performance of duties which should have been performed but which have been neglected. It is equally clear that the validity of an election as to local option cannot be inquired into upon a writ of certiorari. Notwithstanding the plaintiff did not bring this action in behalf of himself and all others interested, I think this court has jurisdiction to restrain the defendants from proceeding in violation of law and to the prejudice of the individual rights of the plaintiff.

Judgment, therefore, is directed in favor of the plaintiff for the relief demanded in the complaint, without costs.