PEOPLE ex rel. SMITH v. BENNETT, County Treasurer.

(Supreme Court, Trial and Special Term, Orleans County. July 6, 1912.)

INTOXICATING LIQUORS (§ 34*)—ELECTIONS—TIME OF HOLDING—LIQUOR TAX QUESTIONS.

Town Law (Consol. Laws 1909, c. 62) § 40, provides that the board of supervisors of any county may, by resolution, fix the time when the biennial town meetings in such county shall be held, which shall be either on some day between the 1st day of February and the 1st day of March, or on the first Tuesday after the first Monday in November of an odd-numbered year. *Held*, that a town meeting may be properly held in the spring of any year, or on general election day in the fall of an odd-numbered year, so that liquor tax questions, submitted at a town election held in the spring of an even-numbered year, are submitted at a valid election.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 42; Dec. Dig. § 34.*]

Certiorari by the People, on the relation of Joseph M. Smith, against George W. Bennett, County Treasurer, under Liquor Tax Law (Consol. Laws 1909, c. 34) § 27, to review the county treasurer's refusal to issue a liquor tax certificate on the ground that the certified statement of the result of the vote on local option questions at the previous town meeting in the town of Murray showed a vote in the negative thereon. Application denied.

I. L'Hommedieu, of Medina, for relator.
I. S. Signor, of Albion, for respondent.
James T. Driscoll, of Buffalo, for excise commissioner.

POUND, J.  The only question before the court in this proceeding is whether the biennial town meeting held in the town of Murray on March 8, 1910, could be legally held in an even-numbered year.  If it could be so held, nothing appears on the face of the return to justify the court in holding that the application of relator for a liquor tax certificate was denied by the county treasurer "without good and sufficient reasons therefor," or that such liquor tax certificate should be issued.  People ex rel. Leonard v. Hamilton, 42 App. Div. 212, 59 N. Y. Supp. 943; People v. Hasbrouck, 21 Misc. Rep. 188, 47 N. Y. Supp. 109; Matter of Tinkcom, 50 Misc. Rep. 250, 100 N. Y. Supp. 467.

If the election was *wholly void,* because held in the spring of an even-numbered year, the certificate filed with the county treasurer is a nullity (Matter of Getman, 28 Misc. Rep. 451, 59 N. Y. Supp. 1013); otherwise, it is controlling, for it is not the duty of the county treasurer to go about to ascertain whether the election was regular or not, nor is it the duty of the court to inquire into the question on certiorari.  See cases cited, supra.

Town Law, § 40, reads as follows:

"The board of supervisors of any county may, by resolution, fix a time when the biennial town meetings in such county shall be held, which shall be *either* on some day between the first day of February and the first day of March, inclusive, *or* on the first Tuesday after the first Monday in November of an odd-numbered year."

This plainly means that the biennial town meeting *may* be held in the spring of *any* year, or on general election day *in the fall of an odd-numbered year.*  The only purpose of the law, it would seem, is to separate national and state elections from local elections.  Const. N. Y. art. 12, § 3.

The resolution of the board of supervisors, fixing the date of the biennial town meeting in the spring of 1910, is not before the court in this proceeding, and therefore the question whether it illegally attempted to extend official terms, and was therefore without authority and void, is not determined.  People ex rel. Smith v. Weeks, 176 N. Y. 194, 68 N. E. 251.

It does not appear on the face of the return that the election was void.  The application for an order directing the county treasurer to issue a liquor tax certificate to relator must therefore be denied.

So ordered.